## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

DAVID FENTON, as he is TRUSTEE, IBEW LOCAL
UNION 223 PENSION FUND and IBEW LOCAL UNION 223
DEFERRED INCOME FUND,                              C.A. No.
                    Plaintiffs,

              vs.

WHITE HOUSE CONSTRUCTION, INC.,
                    Defendant.
_____

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.     This is an action brought pursuant to Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and

(d)(1) and 1145 and Section 301 of the Labor Management Relations Act ("LMRA"), as

amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make

contributions and pay interest due to the plans under the terms of a collective bargaining

agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to Section 502(a), (e)

and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to

Section 301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in

controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff David Fenton is a Trustee of the IBEW Local Union 223 Pension Fund ("Pension Fund").  The IBEW Local Union 223 Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 10 Technology Drive Wallingford, Connecticut.

4.      Plaintiff David Fenton is also a Trustee of the IBEW Local Union 223 Deferred Income Fund ("DIF").  The IBEW Local Union 223 Deferred Income Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined contribution benefit.  The Fund is administered at 10 Technology Drive Wallingford, Connecticut.

5.      The Pension Fund and DIF are multi-employer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant White House Construction, Inc. ("White House") and IBEW Local Union 223 ("Union").

6.      Defendant White House is a Massachusetts corporation with a principal place of business at 7 Craigie Street, Somerville, Massachusetts, within this judicial district.  White House is an employer engaged in commerce within the meaning of Section 3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

7.      On or about November 5, 2015, White House agreed in writing to be bound to the to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of White House's signed Letter of Assent is attached hereto as Exhibit A.

8.      Because of the Letter of Assent, White House is party to the Inside Principal Agreement between the Union and Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association (the "CBA").  A copy of the September 1, 2014 – August 31, 2017 CBA is attached hereto as Exhibit B.

9.      The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein.  See Ex. B, pp. 9-10, 23-25.

10.      All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the then-current prime rate, and reasonable attorneys' fees and costs to collect the delinquency.  Id. at p. 26.

11.      Signatory contractors such as White House are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  Id. at pp. 23, 26.  They are also required to allow the Funds to examine the payroll records of all employees working under the terms of the CBA.  Id. at p. 26.

12.      On or about March 1, 2016, Counsel for the Funds sent a letter to White House, demanding submission of missing monthly reports and payments to the Funds for the months of December 2015 and January 2016.  Upon information and belief, White House employees

performed work for which contributions are due to the Funds during the period of December 2015 to the present.

13.     To date, White House has failed to submit its missing reports or payments for December 2015 to the present.

**COUNT I - VIOLATION OF ERISA -
DELINQUENT CONTRIBUTIONS**

14.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 above.

15.     The failure of White House to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates Section 515 of ERISA, 29 U.S.C. §1145.

16.     Absent an order from this Court, White House will continue to refuse to pay the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

17.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT -
DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES**

18.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19.     The CBA is a contract within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

20.     The failure of White House to pay the contributions it owes for December 2015 to the present violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.      Order the attachment by trustee process of the bank accounts of White House;

b.      Order the attachment of the machinery, inventory and accounts receivable of White House;

c.      Enter a preliminary and permanent injunction enjoining White House from refusing or failing to pay the contributions owed to the Funds;

d.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at the prime rate at the time of Judgment, liquidated damages at the rate of 10% of the unpaid contributions, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

e.      Enter judgment in favor of the Funds on Count II in the amount of all contributions due, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

f.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

DAVID FENTON, as he is TRUSTEE,
NEW ELECTRICAL WORKERS
BENEFITS FUND, *et al.*,

By their attorneys,

/s/ Alexander Sugerman-Brozan
Elizabeth A. Sloane, Esquire
BBO #567866
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 236
abrozan@segalroitman.com

Dated: September 15 2016

## VERIFICATION

I, David Fenton, Trustee of the IBEW Local Union 223 Pension Fund and IBEW Local Union 223 Deferred Income Fund, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9th DAY OF

SEPTEMBER, 2016.

David Fenton

6